IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA HALE,<br><br>    Plaintiff,<br><br>  v.<br><br>NATERA, INC.,<br><br>    Defendant. | Case No. 19-cv-01402-MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 27 |

Before the Court is defendant Natera, Inc.'s ("Natera") Motion to Dismiss, filed June 18, 2019. Plaintiff Teresa Hale ("Hale") has filed opposition, to which Natera has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

In her complaint, Hale alleges she has a cellular phone number "for which [she] is charged for incoming calls and text messages." (See Compl. ¶ 35.) Hale alleges that, on April 25, 2018, she received the following text message on her cellular phone:

> Natera received a test order from your doctor! Track your test in our Patient Portal (https://my.natera.com/users/sign_up) using Case ID 1777499.
> Reply STOP to opt out.

(See Compl. ¶ 1 and Ex. 1.) Hale further alleges she "knew nothing about" such a test and "had never heard of" Natera (see id.), let alone provided Natera "consent" to send her text messages (see Compl. ¶ 34). According to Hale, Natera "utilized" an "automatic

---

[1] By order filed July 12, 2019, the Court took the matter under submission.

telephone dialing system" ("ATDS") to send her the above-quoted text message. (See Compl. ¶¶ 12, 27.)

Based on the above-cited allegations, Hale asserts Natera violated the Telephone Consumer Protection Act ("TCPA").

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

**DISCUSSION**

Under the TCPA, it is unlawful to "make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . for which the called party is charged for the call." See 47

//

U.S.C. § 227(b)(1).[2] The TCPA defines an ATDS as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." See 47 U.S.C. § 227(a)(1). The Ninth Circuit has interpreted such definition as comprising two types of equipment, specifically, equipment that has the capacity "to store numbers to be called" and "to dial such numbers," as well as equipment that has the capacity "to produce numbers to be called, using a random or sequential number generator" and "to dial such numbers." See Marks v. Crunch San Diego, LLC, 904 F.3d 1041, 1052 (9th Cir. 2018).[3]

Natera argues Hale fails to plead facts sufficient to support a finding that Natera used an ATDS when it allegedly sent Hale the text message on which she bases her claim.

To survive a motion under Rule 12(b)(6), a plaintiff asserting a TCPA claim "need not somehow have inside knowledge of a defendant's operations and equipment"; rather, "she merely must proffer factual allegations that support a reasonable inference that an ATDS was used." See Brown v. Collections Bureau of America, Ltd., 183 F. Supp. 3d 1004, 1005 (N.D. Cal. 2016). Where a TCPA claim is based on the receipt of a text message, courts have found various types of factual allegations suffice to support a reasonable inference the defendant used an ATDS to send it. For example, claims have been found sufficiently pleaded where it was alleged the text was "formatted in SMS short code licensed to defendants, scripted in an impersonal manner and sent en masse," see Kazemi v. Payless Shoesource Inc., 2010 WL 963225, at *3 (N.D. Cal. March 16. 2010), where the recipient was requested to type a one-word response to interact with the text, e.g., "Yes," see Meyer v. Bebe Stores, Inc., 2015 WL 431148, at *4 (N.D. Cal. February

---

[2] A "text message" is a "call" for purposes of the TCPA. See Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009)

[3] In her opposition, Hale clarifies she is relying on the first of these two types of equipment, specifically, "ATDS equipment that has the capacity to store numbers to be texted." (See Pl.'s Opp. at 2:11.)

3

2, 2015), see also Armstrong v. Investor's Business Daily, Inc., 2018 WL 6787049, at *6 (C.D. Cal. December 21, 2018) (listing, among examples of pleadings sufficient to support inference ATDS was used, allegation recipient was requested to respond to text with "Stop"), and where the recipient "had no reason to be in contact with defendants," see Kramer v. Autobytel, Inc., 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010).

Here, Hale alleges the "impersonal and generic nature of Natera's text message demonstrates that Natera utilized an ATDS in transmitting the message[ ]." (See Compl. ¶ 26.) In support thereof, Hale alleges Natera "specializes in analyzing prenatal genetic material sent to it by licensed physicians" (see Compl. ¶ 14) and that, "[a]fter Natera receives test orders from physicians, Natera sends text messages to thousands of cellular phones urging the recipient to visit the 'patient portal' on Natera's website" (see Compl. ¶ 16), "without ever having any direct communications with the patients" (see Compl. ¶ 17).[4] Hale also alleges "[t]he 'from' field of the transmission was identified as '447-79'," which, Hale alleges, is a "short code utilized by Natera and its agents for the transmission of text messages en masse." (See Compl. ¶ 32.)[5] Hale further alleges the text requested she respond with the word "Stop" if she wished to "opt out" of additional texts (see Compl. ¶ 1) and, that at the time she received the subject text, she "had no prior contact with Natera" (see Compl. ¶ 33).

Hale's allegations are analogous to those found sufficient in the cases cited above. Although Natera argues the allegations on which Hale relies are insufficient here because "manual activity and human intervention were necessary to determine the content and timing of the message" (see Def.'s Mem. of P. & A. at 1:24-27), any such "manual activity and human intervention," even if essentially acknowledged by Hale (see id.), do not

---

[4]As noted, the text Hale allegedly received from Natera stated, in part, "[t]rack your test in our Patient Portal (https://my.natera.com/users/sign_up) using Case ID 1777499." (See Compl. ¶ 1.)

[5]According to Hale, short codes are "unique 5- or 6-digit numbers that are obtained from an independent agency that manages and assigns those number resources in the United States." (See Compl. ¶ 22.)

4

preclude a finding that Natera used an ATDS to send the text Hale received. In that regard, the Ninth Circuit recently held, for example, that where the defendant, when it "want[ed] to send a text message" to a number of its "current or prospective customers," had an employee use equipment to "select the recipient phone numbers, generate the content of the message, and select the date and time for the message to be sent," a trier of fact nonetheless could reasonably find the defendant's equipment was an ATDS. See Marks, 904 F.3d at 1048, 1053 (reversing order granting summary judgment); see also id. at 1052 (rejecting argument that ATDS must be "fully automatic, meaning that it must operate without any human intervention whatsoever" and must "operate[ ] without any human oversight or control").

Further, even if, as Natera argues, the text's reference to "Case ID 1777499" corresponds to a specific test ordered by a physician on behalf of a patient, the inclusion of any such Case ID number in the text Hale received likewise does not preclude a finding that Natera sent the subject text using an ATDS. In particular, Hale alleges Natera receives from physicians a cellular phone number corresponding to each test ordered and then sends "thousands" of texts to the patients' respective cellular phone numbers. (See Compl. ¶¶ 14, 16, 21.) From such allegations, a reasonable inference can be drawn that Natera used the information obtained from physicians to craft "targeted messages," i.e., texts that, with the exception of one specific reference, are identical, and that it sent those messages, including the one Hale received, using equipment with the capacity to store the cellular phone numbers it received from physicians and to dial those numbers. See Brickman v. Facebook, Inc., 230 F. Supp. 3d 1036, 1039, 1042 (N.D. Cal. 2017) (denying motion to dismiss TCPA claim alleging Facebook user's receipt of text stating named "Facebook friend[ ]" was having birthday; finding it "plausible that Facebook could have used an ATDS to send out the targeted messages," in light of plaintiff's allegations that Facebook had "information and technology needed to craft such targeted messages," including "cell phone numbers, users' birthdays, friendship connections, etc.").

5

Accordingly, as the complaint includes sufficient facts to support a reasonable inference the text Hale received from Natera was sent using an ATDS, the motion to dismiss will be denied.

**CONCLUSION**

For the reasons stated above, Natera's motion to dismiss is hereby DENIED.

**IT IS SO ORDERED.**

Dated: August 28, 2019

MAXINE M. CHESNEY
United States District Judge